UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ETHAN JAMES, )
)
        Petitioner, )
)
     v. ) No. 1:17-cv-03726-JMS-DLP
)
WENDY KNIGHT, )
)
        Respondent. )

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Ethan James for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-03-0204. For the reasons explained in this Order, Mr. James's habeas petition must be **denied**.

    **A.**     **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On March 14, 2017, Officer J. McGriff wrote a Conduct Report charging Mr. James with a violation of Code A-111/A-113, conspiracy or attempting to engage in trafficking. The Conduct Report states:

> On 03/14/17 at approximately 11:30 AM I, Officer J. McGriff, while conducting a shakedown in cell 15-4B. While searching the middle desk drawer I found a small folded piece of paper. Upon further reading it was talking about something that was suppose [sic] to happen but did not and about meeting up at church on Sunday and getting a couple sticks of "Katie". K-2 spice. To the best of my training "Katie" is slang for K2 spice. It had Offender James, Ethan DOC# 260088 (15B-4B) first name at the bottom he claimed ownership of it.

Dkt. 11-1 at 1. Mr. James was also provided with a Notice of Confiscated Property that identified a "kite" and listed "unauthorized" for the reason of confiscation. Dkt. 11-1 at 3. A photograph of the note was also taken:

Dkt. 11-1 at 4-5.

Mr. James was notified of the charge on May 12, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. Dkt. 11-2 at 1. He requested, as physical evidence, the "paper that was found." *Id.*

The prison disciplinary hearing was held on May 20, 2017. The hearing officer allowed Mr. James to see the note at the disciplinary hearing, but he was not provided a copy to keep. Dkt. 11-6. Mr. James explained the note was his but argued "I have no reason to traffick [sic], I am trying to go home. There is no reason for me to traffick [sic]. I had the note." Dkt. 11-3. Based on the staff reports and Mr. James's statement, the hearing officer found Mr. James guilty of conspiring to traffic. The sanctions imposed included sixty-six (66) days of earned-credit-time deprivation and a two-level credit class demotion.

Mr. James appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. James asserts two grounds to challenge his prison disciplinary conviction: (1) he was denied evidence when the letter was allegedly not presented and read at the hearing; and (2) insufficient evidence to support the finding of guilt. The respondent argues that there was "some evidence" to support the disciplinary conviction and that the letter was presented and was not exculpatory. Mr. James did not file a reply, and the time to do so has passed.

1.     Sufficiency of the Evidence

In his petition, Mr. James challenges his prison disciplinary conviction based on the sufficiency of the evidence because trafficking requires that the activity be with "anyone who is 'not' an offender residing in the same facility." Dkt. 1 at 4. The respondent argues there was

"some evidence" to support the conviction as Mr. James did not dispute that he wrote the note and it was appropriate to determine that the note was intended for someone outside the prison because K2 spice is not an item that is available inside the prison.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-111 is entitled "Conspiracy/Attempting/Aiding or Abetting," and is defined as: "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Code Section A-113 is entitled "Trafficking," and is defined as: "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Attempt is defined as "when an offender commits acts which showed a plan to violate…a Department or facility rule…when the acts occurred." *See* IDOC Disciplinary Code for Adult Offenders, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. IC 35-44.1-3-5 defines a

person who commits trafficking to be "[a] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility."

In this case, Mr. James's note clearly asks an unknown person, referred to as "lil bro," to "send me a couple of sticks" of Katie. The note requests that the recipient go to church and give it to someone identified as "G.T." who is a "2.1" or "2-1" who could then get the sticks to Mr. James. The note also states James is "F*** up over here send me something please I need it." The note is signed "Ethan."

Katie, or K2 spice, is not an item that is authorized in a prison, and therefore had to have been brought into the facility by someone. There is no other conclusion as to the origin of the Katie except from outside of the prison, nor does the Constitution "require evidence that logically precludes any conclusion other than the one" the hearing officer reached. *See Hill*, 472 U.S. at 457. Moreover, Mr. James does not dispute that he wrote the note or was in possession of the note. Thus, Mr. James's challenge to the sufficiency of the evidence must be rejected because, under *Ellison*, there is "some evidence" to support the hearing officer's decision that Mr. James was conspiring to or attempting to conspire with another to obtain K2 from outside of the prison.

2. Denial of Evidence

Mr. James alleges that he was improperly denied evidence when the letter he wrote was not "presented and read to prove the petitioner never attempted to and or aid or conspier [sic] to traffic." Dkt. 1 at 4.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847

(7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

The respondent asserts that the note was present and reviewed during the disciplinary hearing. Dkt. 11-6. However, regardless of the factual dispute as to whether and when the note was presented at the hearing, even if the prison officials here unjustifiably denied a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (i.e., was not harmless). *Jones*, 637 F.3d at 847–48; *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). Here, Mr. James admitted the note was his and that he had written the note. The admission of the note would have been merely redundant of the Conduct Report, which detailed the contents of the note. Moreover, the note was not exculpatory. As explained above, the note was clearly a request from Mr. James to an unknown person to bring in Katie (or K2 spice) from outside the prison.

Accordingly, Mr. James is not entitled to habeas relief on the ground of denial of evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. James to the relief he seeks.

Accordingly, Mr. James's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/11/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ETHAN JAMES
260088
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov